IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **RONALD M. VAN PELT, # R-00514,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18-cv-423-DRH |
| | ) | |
| **JOHN DOE (Badge # 10789),** | ) | |
| **and WARDEN of MENARD** | ) | |
| **CORRECTIONAL CENTER** | ) | |
| **(Official Capacity),** | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

This matter is before the Court for case management. On February 16, 2018, this Court ordered the claim in this *pro se* § 1983 civil rights action (identified as Count 6 in the original case) to be severed from Plaintiff's original case, *Van Pelt v. John Doe Correctional Officer #1, et al.*, Case No. 17-cv-1226-SMY-RJD. (Doc. 1). The claim contained in this action is as follows:

> **Count 6:** First Amendment claim against John Doe (Badge # 10789) for depriving Plaintiff of his religious items (prayer rug, Qur'an, and Kufi) between November 28 and December 28, 2015, while Plaintiff was in segregation.

The above claim has already undergone threshold review pursuant to 28 U.S.C.A § 1915A. (Doc. 1). In order for this action to proceed, service shall be ordered on the Menard Warden. As discussed in the order severing this action, the Warden has been added as a party in her official capacity only, so that she

1

may respond to discovery aimed at identifying the John Doe Defendant. Once Plaintiff has identified John Doe (Badge # 10789) by name, he shall file a motion to substitute the newly identified Defendant in place of the generic designation.

### **Pending Motions**

The motion for leave to proceed *in forma pauperis* (Doc. 3) shall be addressed in a separate order.

Plaintiff's motion for recruitment of counsel (Doc. 4) shall be referred to the United States Magistrate Judge for further consideration.

### **Disposition**

**IT IS ORDERED** that the Clerk of Court shall prepare for the **WARDEN of MENARD CORRECTIONAL CENTER (Official Capacity)**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, the Memorandum and Order at Doc. 1, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if

not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Service shall not be made on Defendant **JOHN DOE (Badge # 10789)** until such time as Plaintiff has identified him by name in a properly filed motion for substitution of parties. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the name and service address for this individual.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 4).

Further, this entire matter shall be **REFERRED** to the United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even if his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his

address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Judge Herndon
2018.02.20
09:28:38 -06'00'

_____
United States District Judge